REQUESTED BY: Kenneth D. Steinmiller, Director, Retirement Systems, Lincoln, Nebraska
When a Nebraska State Patrolman dies before retirement, leaving a widow but no children, and the widow gives birth to a child six months after the death of the patrolman, what benefits should be paid to the widow under Neb.Rev.Stat.60-452.01 (Supp. 1980)?
Benefits should be paid as though the child had been born before the death of the patrolman.
You have presented to us the problem of the payment of annuity with respect to a patrolman who died before retirement. He was married at the time of his death, and had no children, but his wife was pregnant, and gave birth to a child six months after the death of the patrolman.
Neb.Rev.Stat. § 60-452.01 (Supp. 1980) provides that where a patrolman dies before retirement, benefits shall be provided as if the officer had retired for reasons of disability at the time of his death. This section further provides that if there is a surviving spouse but no children under the age of nineteen living at the time of the officer's death, the surviving spouse shall receive 75 percent of the officer's annuity, and if there is a surviving spouse and a dependent child or children under the age of nineteen under the care of the surviving spouse, the benefit shall be 100 percent of the officer's annuity until such time as the youngest dependent child reaches the age of nineteen years, at which time it is reduced to 75 percent for the remainder of the spouse's life, or until he or she remarries. No provision is made in the statute to cover the case of a posthumous child.
Three possible solutions to this problem occur to us. (1) You could take the position that there was no child under the age of nineteen living at the date of the officer's death, and that therefore subsection (d) of section60-452.01 comes into play, and the widow gets 75 percent of the amount of the annuity for the remainder of her life, or until she remarries; (2) you could take the position that the widow should receive 75 percent of the annuity, under subsection (d), from the date of the death of the officer until the birth of the child, and then 100 percent under subsection (a) until the child reached the age of nineteen, and then 75 percent until her death or remarriage; or (3) you could regard the child as living at the time of the death of the officer, and hold that the widow was entitled to 100 percent of the annuity from that time until the child reaches nineteen years of age, and after that 75 percent until she dies or remarries.
We believe the third alternative is the proper one, because it most nearly coincides with the common law and statutory rules dealing with posthumous children. In 23 Am.Jur.2d 833, Descent and Distribution, § 88, we find:
 Posthumous children, if born alive and not too soon after conception to be capable of living or, at least, to give reasonable assurance of continuing to live, inherit as they would have if they had been born in the lifetime of the intestate and had survived him. Such children are regarded, for the purpose of taking under the rule, as in being from the time of conception, and the interest taken by the child at birth dates back to the time of the death of the ancestor and cannot be defeated by intermediate proceedings to which he was not a party.
Neb.Rev.Stat. § 30-2308 (Reissue 1979) is consistent with the above language in providing, `relatives of the decedent conceived before his death but born thereafter inherit as if they had been born in the lifetime of the decedent.' We realize that the statute does not directly control payment of patrolmen's retirement annuities, but there is no statute which does, and we believe that under the circumstances we should take an approach which is consistent with the general treatment of posthumous children.
We therefore are of the opinion that you should recalculate the annuity paid to the widow between the time of the officer's death and the birth of the child (which we presume was paid at the 75 percent rate), and pay her the difference between 75 percent and 100 percent for that period, and continue to pay her at the 100 percent rate until the child reaches nineteen years, then pay the widow at the 75 percent rate until her death or remarriage.
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General